**MOELLERS NORTH AMERICA, INC., a Delaware corporation, Plaintiff,**

v.

**MSK COVERTECH, INC., a Georgia corporation, MSK Verpackungs–Systeme GmbH, a German limited liability company, Guido A. Oswald, a citizen of Switzerland, and Reiner W. Hannen, a citizen of Germany, Defendants.**

No. 1:93–CV–894.

United States District Court,
W.D. Michigan,
Southern Division.

July 7, 1994.

Daniel Van Dyke, Price, Heneveld, Cooper, Dewitt & Litton, Grand Rapids, MI, Peter Engelhardt, P.C., for plaintiff.

Timothy G. Newman, Brooks & Kushman, Southfield, MI, for defendants.

## OPINION

QUIST, District Judge.

This is an action for trade libel, tortious interference with contractual relations, tortious interference with potential economic advantage, negligence, and unfair competition, and for declaratory judgments regarding patents. Plaintiff Moellers North American (Moellers) is a Delaware corporation with its

principal place of business in Grand Rapids, Michigan. Defendant MSK Verpackungs–Systeme GmbH (MSK Germany) is a German limited liability company with its principal place of business in Germany. Its wholly owned subsidiary, MSK Covertech, Inc. (MSK Georgia) is a Georgia corporation with its principal place of business in Kennesaw, Georgia. Defendant Guido A. Oswald is a Swiss citizen who resides in Georgia. Defendant Reiner W. Hannen is a German citizen who resides in Germany. Defendants have moved for dismissal for lack of personal jurisdiction. Plaintiff asserts that this Court has jurisdiction and requests, in the alternative, a transfer of venue to the Northern District of Texas. Defendants oppose the transfer.

### Background Information

This dispute arose from events occurring in connection with bids submitted to Vetrotex CertainTeed Corporation (CertainTeed) for an automatic shrinkwrapping machinery system. Both Moellers and MSK Georgia submitted bids in the first quarter of 1993. Defendant Oswald, on behalf of MSK Georgia, sent a letter dated April 22, 1993, to CertainTeed advising that Moellers was infringing on MSK's patent for the burner design and that MSK had taken the Undershrink license away from Moellers. Defendant Hannen, as Chairman of the Board and President of MSK Germany, sent a letter dated June 30, 1993, stating that the heating system and Undershrink were patented and that CertainTeed could be held responsible for patent violations. On July 1, 1993, CertainTeed sent Moellers a purchase order for an automatic shrinkwrapping system. Defendant Oswald sent CertainTeed a letter by fax regarding patent infringement on July 3, 1993, that references a telephone conference on the infringement issue. On July 12, CertainTeed sent Moellers a letter confirming cancellation of the purchase order by telephone that day.

Plaintiff alleges that CertainTeed cancelled the contract it had entered into with plaintiff as a result of defendants' defamatory communications. All of the tort claims arise out of these actions. The patent claims concern the underlying controversy regarding Moellers' alleged infringement of MSK patents.

### Issues Presented

Defendants claim that this Court lacks personal jurisdiction over each of them. Plaintiff claims that this Court has general jurisdiction over all four defendants because MSK Georgia, and its agent Mr. Oswald, carry on a portion of MSK's sales business within Michigan and act on behalf of MSK Germany, the controlling corporation and on behalf of its president. Plaintiff also claims that this Court has special jurisdiction over its claims because the effect of defendants' defamatory letters occurred in Michigan and defendants knew the effect would be felt there.

Plaintiff argues that, if this Court does not have jurisdiction, it should transfer the case to the Northern District of Texas, the place to which the defamatory correspondence was sent. Defendants argue that Texas also has no jurisdiction over them and that transfer would be improper.

## DISCUSSION

### Personal Jurisdiction

The plaintiff bears the burden of establishing jurisdiction. *Third National Bank of Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir.1989), *cert. denied*, 493 U.S. 1058, 110 S.Ct. 870, 107 L.Ed.2d 953 (1990). In this instance, an evidentiary hearing is not necessary to determine the jurisdiction issue, since the written submissions do not raise issues of credibility or disputed issues of fact. The Sixth Circuit has instructed that "if the district court determines to decide the issue solely on the basis of written materials, the plaintiff should be required only to make a prima facie case of jurisdiction, that is, he need only demonstrate facts which support a finding of jurisdiction in order to avoid the motion to dismiss." *American Greeting Corp. v. Cohn*, 839 F.2d 1164, 1168–69 (6th Cir.1988) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 438–39 (6th Cir.1981), *cert. denied*, 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981)) (internal quotations and citations omitted). In such a case, "the burden of the plaintiff is relatively slight and the district court must consider the pleadings in the light most favorable to

the plaintiff." *American Greeting*, 839 F.2d at 1169 (citation omitted).

■ In a diversity action, the issue of whether a federal court has personal jurisdiction over a defendant is determined by applying the law of the state in which the court sits. *Erie R.R. v. Thompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In addition, the court must consider whether constitutional due process permits personal jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir.1991).

Michigan's long-arm statute on personal jurisdiction over corporations provides both general and limited or "specific" jurisdiction on the basis of the relationship of a corporation to the forum. The general jurisdiction section, M.C.L.A. § 600.711, provides:

Sec. 711. The existence of any of the following relationships between a corporation and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the corporation and to enable such courts to render personal judgments against the corporation.

(1) Incorporation under the laws of this state.

(2) Consent, to the extent authorized by the consent and subject to the limitations provided in section 745.

(3) The carrying on of a continuous and systematic part of its general business within the state.[1]

The limited jurisdiction section, M.C.L.A. § 600.715, provides:

Sec. 715. The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to

exercise limited personal jurisdiction over such corporation and to enable such court to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:

(1) The transaction of any business within the state.

(2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.

(3) The ownership, use, or possession of any real or tangible personal property located within the state.

(4) Contracting to insure any person, property, or risk located within this state at the time of contracting.

(5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.[2]

■ The United States Supreme Court stated the basic constitutional requirement for personal jurisdiction in *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945):

[D]ue process requires only that in order to subject a defendant to judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'

One way to measure fairness is to consider whether defendant's conduct is such that he or she "should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 296–97, 100 S.Ct. 559, 566–67, 62 L.Ed.2d 490 (1980).

(1) Presence in the state at the time when process is served.

(2) Domicile in the state at the time when process is served.

(3) Consent, to the extent authorized by the consent and subject to the limitations provided in section 745.

---

1. General jurisdiction over individuals is provided in M.C.L.A. § 600.701, which provides:

Sec. 701. The existence of any of the following relationships between an individual and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the individual or his representative and to enable such courts to render personal judgments against the individual or representative.

2. M.C.L.A. § 600.705 provides for limited jurisdiction over individuals on the same terms.

■ To determine whether due process permits personal jurisdiction over a non-resident who is not generally engaged in activities within the forum state, the court must consider three criteria:

First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.

Second, the cause of action must arise from the defendant's activities there.

Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum jurisdiction to make the exercise of jurisdiction over the defendant reasonable.

*Theunissen*, 935 F.2d at 1460.

■ In the instant case, there is no general jurisdiction over any of the defendants. Plaintiff does not claim that either of the defendant corporations are incorporated under the laws of Michigan or that they consented to jurisdiction. The evidence does not support the claim that defendant corporations carried on a continuous and systematic part of their general business within Michigan. MSK Georgia's limited, and largely unsuccessful, sales activity in Michigan, and the small number of trips Mr. Oswald took to Michigan in connection with that activity, do not constitute a continuous and systematic part of any of the business of any of the defendants. Neither does the evidence satisfy any of the M.C.L.A. § 600.701 conditions for general jurisdiction over individuals. Thus, it is not necessary to address plaintiff's contention that the Court should find jurisdiction over MSK Germany and defendant Hannen by virtue of the activities of MSK Georgia.

■ Plaintiff also asserts that this Court has jurisdiction under Michigan's limited jurisdiction statute, arising out of defendants "doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort." M.C.L.A. §§ 600.715(2) and 600.705(2). Plaintiff argues that defendants' defamatory communications injured Moellers in Grand Rapids, Michigan, and that defendants knew Moel-

lers was based in Grand Rapids and would be injured there.

Defendants do not dispute that they knew that Moellers was located in Grand Rapids. They do, however, dispute that Moellers suffered injury as a result of their communications with CertainTeed. Defendants attach an affidavit from their attorney, Mr. Newman, to their reply brief stating that he had a conversation with a Martin Riley of CertainTeed, who is not further identified, and that Mr. Riley informed the attorney that CertainTeed had made a separate decision to use a different kind of wrapping system and had not cancelled its contract with Moellers because of defendants' communications with CertainTeed.

Defendants also argue that any injury plaintiff suffered was insubstantial and cannot provide a basis for jurisdiction. Plaintiff claims as injuries from the cancellation of the CertainTeed contract the loss of one full-time job for a skilled Grand Rapids shop worker, the loss of more than $150,000 in contribution to Moellers' overhead costs, and the loss of the opportunity to do future business with CertainTeed and use CertainTeed as a reference in the Texas market.

Although plaintiff had no opportunity to address the Newman affidavit, when Mr. Riley's purported statement is considered in conjunction with the information regarding the timing of the CertainTeed cancellation, there appears to be a question of fact. Furthermore, at this stage in the litigation, when discovery has been permitted only on the issue of jurisdiction and not on the merits of plaintiff's claims, it would be premature to determine whether defendants' actions in fact caused the injuries plaintiff claims. The issue of whether injuries more substantial than those of which plaintiff complains are necessary to sustain jurisdiction must, however, be addressed.

In *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), the Supreme Court held that, in a libel action, the forum in which the allegedly libeled person resides has personal jurisdiction over those accused of libel on the basis of the "effects" of their out-of-state conduct in the forum state. *Id.* at 788–89, 104 S.Ct. at 1486–87. In *Calder,*

defendants were the writer of an article in the *National Enquirer* newspaper and the paper's editor and publisher. The Court stated that defendants knew the article "would have a potentially devastating impact upon respondent. And they knew that the brunt of that injury would be felt by respondent in the State in which she lives and works and in which the National Enquirer has its largest circulation." *Id.* at 789–90, 104 S.Ct. at 1487. It held:

> Under the circumstances, petitioners must "reasonably anticipate being haled into court there" to answer for the truth of the statements made in their article. An individual injured in California need not go to Florida to seek redress from persons who, although remaining in Florida, knowingly cause the injury in California.

*Id.* at 790, 104 S.Ct. at 1487 (citations omitted).

Defendants argue that jurisdiction should be determined by the statement in *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 777, 104 S.Ct. 1473, 1479, 79 L.Ed.2d 790 (1984), that "[t]he tort of libel is generally held to occur wherever the offending material is circulated." The *Keeton* Court, however, did not alter or override *Calder.* The issue in *Keeton* was whether a plaintiff had to sue in its place of residence. The Court held that "there is no justification for restricting a libel action to the plaintiff's home forum" but it did not say the plaintiff's home forum would be inappropriate. *Id.* at 780, 104 S.Ct. at 1481.

In *VDI Technologies v. Price,* 781 F.Supp. 85 (D.N.H.1991), a district court applied the *Calder* holding to a libel action similar to the instant case in which the defendant's president sent letters to the plaintiff's customers and prospective customers, threatening purchasers of infringing products with patent infringement actions. The court held that it had jurisdiction under the New Hampshire long-arm statute which, like Michigan's statute, provides jurisdiction over entities that commit tortious acts that are felt within the state. *Id.* at 89. The court also held that the minimum contacts requirement was met under the *Calder* "effects" test which provides that "jurisdiction may properly be based upon an alleged wrongdoing intentionally directed at a resident in another state." *Id.* at 91. The *VDI* court summarized the *Calder* test as providing personal jurisdiction over defendants when:

> (1) their intentional actions were aimed at the forum state,
>
> (2) they knew their article libeling plaintiff was likely to have a devastating impact on plaintiff, and
>
> (3) they knew the brunt of the injury would be felt by plaintiffs in the forum state.

*Id.* at 91–92. Characterizing the patent infringement letter as "an intentional act aimed at a New Hampshire corporation," the *VDI* court stated that the letter could not be construed to confer a benefit or even a benign impact on plaintiff. *Id.* at 92. The court declared, "If damage could have been done to VDI's business, it is not an unfair inference that the brunt of such injury would surely have been felt most at VDI's sole corporate location." *Id.* at 92. In support of its conclusion that its assertion of jurisdiction satisfied the dictates of due process, the court held:

> The knowledge that the major impact of the injury would be felt in the forum State constitutes a purposeful contact or substantial connection whereby the intentional tortfeasor could reasonably expect to be haled into the forum State's courts to defend his action.

*Id.*

Likewise, in the instant case, defendants sent patent infringement letters that were intentional acts aimed at a Michigan corporation. Due to the nature of the letters, it is fair to infer that defendants sent the letters to prevent Moellers from getting the contract they sought from CertainTeed. If they were successful, they would have expected the effects to be felt at the Moellers' corporate headquarters and sole place of business in Michigan. All of the defendants were involved in sending the letters. Plaintiff has provided evidence that two letters were sent by Mr. Oswald on behalf of MSK Georgia. In addition, Mr. Hannen sent a letter in his capacity as Chairman of the Board and Pres-

ident of MSK Germany. Thus, this Court has jurisdiction over all of the defendants.

As to defendants' claim that the injury must be more severe than Moellers' claimed injury, the *Calder* and *VDI* cases they cite do not support their claim that the extent of the injury is a determining factor. Instead, the cases are concerned with the location in which the effects were felt. Defendants' claim that they should not have to defend the tort claims in Michigan because the impact of the letters on plaintiff was not "devastating," if accepted, would prevent large companies but not small, vulnerable companies from bringing such actions in the place where the effects were felt. The injuries Moellers claims and their location are foreseeable and thus are sufficient to state a claim in tort and to provide jurisdiction under Michigan's long arm statute and the Constitution.

### Venue

■ Defendants argue that this Court is not the proper venue for Counts 9, 10, and 11, which seek declaratory judgments on patents. Section 1391(b) of Title 28 provides:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The patent declaratory judgment claims are brought only against defendants MSK Georgia, MSK Germany and Mr. Hannen. For purposes of venue, a defendant corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). "An alien may be sued in any district." 28 U.S.C. § 1391(d). Thus, venue is appropriate in this district under 28 U.S.C. § 1391(b)(1) since the only non-alien is deemed to reside in Michigan.

Venue is proper in this Court for plaintiff's tort claims under 28 U.S.C. § 1391(a)(3), which provides that a diversity case may be brought in "a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no other district in which the action may otherwise be brought." The other two venues that have been mentioned, Georgia and Texas, pose problems for personal jurisdiction over Mr. Hannen and perhaps over MSK Germany.

### CONCLUSION

For the reasons stated above, this Court has personal jurisdiction over defendants for plaintiff's tort claims and venue is proper. Thus, defendants' Motion to Dismiss for Lack of Personal Jurisdiction And Improper Venue (docket no. 19) is **DENIED**. Plaintiff's Motion In The Alternative To Transfer This Action To The Northern District Of Texas Pursuant To 28 U.S.C. § 1406(a) (docket no. 26) is also **DENIED**. An Order consistent with this Opinion shall be entered.